1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NICOLAS TRAMMELL,                    No.  1:21-cv-00126-SKO (HC)

12                  Petitioner,           **ORDER DIRECTING CLERK OF COURT
                                          TO ASSIGN DISTRICT JUDGE**
13          v.
                                          **FINDINGS AND RECOMMENDATION
14   STATE OF CALIFORNIA,                 TO SUMMARILY DISMISS PETITION**

15                  Respondent.           **[TWENTY-ONE DAY OBJECTION
                                          DEADLINE]**
16

17

18          Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for

19   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He filed the instant petition on September

20   28, 2020, in the United States District Court for the Northern District of California.  Because

21   venue is proper in the Eastern District, the action was transferred to this Court on January 27,

22   2021.  Upon review of the petition, the Court finds that it presents only civil rights complaints;

23   therefore, the Court will recommend it be DISMISSED.

24                                  **DISCUSSION**

25   A.     Preliminary Review of Petition

26          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

27   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

28   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

2  habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

3  dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.

4  2001).

5  B.      Civil Rights Claims

6          Petitioner seeks dismissal of his conviction; however, he does not challenge the conviction

7  itself.  Rather, he seeks dismissal "due to multiple civil right violations."  (Doc. 1 at 3.)  He

8  complains that prison guards are "telling inmates to fight [him]" and "yell[ing] verbal sexual slurs

9  at [him]."  (Doc. 1 at 3-4.)  In addition to dismissal of his conviction, he seeks damages for

10  "fear," "mental anguish," and "defamation of character," in the amount of twenty thousand

11  dollars for each violation of his civil rights.  (Doc. 1 at 4.)

12          A habeas corpus petition is the correct method for a prisoner to challenge the "legality or

13  duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser

14  v. Rodriguez, 411 U.S. 475, 485 (1973)).  In contrast, a civil rights action pursuant to 42 U.S.C. §

15  1983 is the proper method for a prisoner to challenge the conditions of confinement.  McCarthy v.

16  Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499.  Petitioner's civil rights claims

17  are not cognizable in a federal habeas action and must be dismissed.  Petitioner must seek relief

18  for his complaints by way of a civil rights action.

19          In Nettles v. Grounds, 830 F.3d 922, 936 (9th Cir. 2016), the Ninth Circuit held that a

20  district court has the discretion to construe a habeas petition as a civil rights action under § 1983.

21  However, recharacterization is appropriate only if it is "amenable to conversion on its face,

22  meaning that it names the correct defendants and seeks the correct relief," and only after the

23  petitioner is warned of the consequences of conversion and is provided an opportunity to

24  withdraw or amend the petition.  Id.  Here, the Court does not find recharacterization to be

25  appropriate. Petitioner does not name the proper defendants and the claims are not amenable to

26  conversion on their face.  Accordingly, the Court should not exercise its discretion to

27  recharacterize the action.

28          Therefore, the Court will recommend that the action be dismissed and the Clerk of Court

be directed to send Petitioner a blank civil rights complaint.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

For the foregoing reasons, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED and the Clerk of Court be DIRECTED to provide Petitioner with a blank civil rights complaint form.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated: __**February 2, 2021**__                    _____/s/ _Sheila K. Oberto_____
                                                    UNITED STATES MAGISTRATE JUDGE

3