UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS TRAMMELL,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | No. 1:21-cv-00126-NONE-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE FOR PURPOSE OF CLOSING CASE AND THEN ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. No. 8) |

Petitioner Nicolas Trammell is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 3, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed. (Doc. No. 8.) Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 3.) No objections have been filed, and the deadline to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the

1

magistrate judge's findings and recommendations are supported by the record and proper analysis. As explained by the assigned magistrate judge, petitioner seeks dismissal of his conviction but rather than challenge the conviction itself, petitioner seeks dismissal "due to multiple civil rights violations." (Doc. No. 8 at 2; *see, e.g.*, Doc. No. 1 at 4 (alleging prison guards "yelled verbal sexual slurs at [petitioner]").) Based on the allegations, petitioner must seek relief by way of a civil rights action instead of a federal habeas action, and the Clerk of the Court will be directed to send petitioner a blank civil rights complaint form. (Doc. No. 8 at 2–3.)

In addition, the court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). If a court denies a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on February 3, 2021 (Doc. No. 8), are adopted in full;

2. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

3. The Clerk of the Court is directed to send petitioner a blank civil rights complaint form;

4. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case; and

5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **April 8, 2021**

_____
UNITED STATES DISTRICT JUDGE

3